# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-4539

_____

KIRBY KINES,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Clay County.
John H. Skinner, Judge.

March 8, 2018

PER CURIAM.

In this appeal from his conviction for sexual battery on a person physically helpless to resist, Kirby Kines asserts that fundamental error occurred when the trial court admitted a redacted version of Kines' recorded interview with Detective Monroe because the jury heard Monroe express the opinion that Kines was guilty and accuse Kines of lying when Kines denied the victim's accusations. We disagree and affirm.

At trial, defense counsel announced that he had no objection to the state introducing a redacted version of the recorded interview, during which the following exchange occurred between Detective Monroe and Kines:

THE DETECTIVE: . . . . Let me explain to you how this works. Okay. When someone alleges that they've been sexually assaulted, okay, we do a Sexual Assault Kit on them. And basically what that entails is DNA swabs will be rubbed basically all over different areas of her body. And anyone that had sex with her, it's gonna show up. Okay. So when I'm talking to you here, I want you to tell me the truth. *I'm pretty confident this is what happened. All right.*

*I think that Spencer was in there too and I think Spencer had sex with her too.* And I don't know—I wasn't there. Okay. I wasn't there. She said: Let's do it. Let's have sex. She's into it and she doesn't, you know—I just don't want to (unintelligible) because I wasn't there. You see what I'm saying? If it happened and you seem to think at the time: Hey, look. She's into it. She's okay with it and she's not pushing it—not pushing me away or telling me no or maybe she even wants to do it or maybe she's flirting a little bit, maybe (unintelligible)—a lot of times guys would get mixed signals when you go to the party (unintelligible) whatever. And then if you've been drinking, taking a couple shots too, I think you agree too (unintelligible) the whole time you're thinking with the wrong head.

*Like I said, I want you to start over and tell me the truth. All right. Man-to-man. In the terms. Tell me the truth of what happened.* And if you and Spencer talked about it afterwards: Hey, this happened. Or hey, crap, she's alleging this stuff, I'm going to find all that stuff out too, so I just really want you to be truthful because I need to know what your involvement is, okay.

*She said that you were really—you were nice to her and you tried to help her out, but I still think that you had sex with her.*

THE DEFENDANT: I did not.

THE DETECTIVE: Okay so you didn't have sex with her at all.

2

THE DEFENDANT: No, sir.

THE DETECTIVE: *Okay. So that's what you're gonna stick with. Because I'm going find out probably if you did. I mean, I'm going to find—if you did, I'm going to find out. I don't want to—I don't want you to bullshit me. One chance to tell me the truth. And that's where we're at. Final words.*

THE DEFENDANT: I did not.

(Emphasis added). After Kines consented to a buccal swab, Monroe stated: "So if you're telling the truth, perfect. Great. (Unintelligible). All right. But if you did have it, it's gonna have your DNA, it's gonna be a match, and then you're gonna have to come back and meet me and say, well: I wasn't a hundred percent truthful the first time." Kines again denied having sex with the victim, but admitted that his sperm was probably on his bedsheets and that there might be DNA on the victim's body because she slept on those sheets.

On appeal, Kines claims that the admission of the redacted interview constituted fundamental error because the jury heard Detective Monroe express the opinion that Kines was guilty and accuse Kines of lying when Kines denied the victim's accusations. We disagree. First, there was no objection to the admission of the interview, and nothing said by Detective Monroe compared with the firm statements of opinion, assertions of guilt, and prejudicial statements condemned in *Jackson v. State*, 107 So. 3d 328 (Fla. 2012). Detective Monroe never stated his personal opinion that Kines was guilty of raping the victim. Although Detective Monroe provided his belief that Kines and his friend, Spencer Andres, had sex with the victim, he did so after reviewing the victim's statement and then followed that with the comment that it might have been consensual. Furthermore, Detective Monroe's questioning suggested that he did not believe Kines when he denied having sex with the victim, but Monroe never expressly accused Kines of lying. Instead, he confronted Kines with the fact that a sexual assault examination would be performed on the victim and cautioned Kines that his denial might come back to haunt him if his DNA was found on the victim.

3

In response, Kines conceded that his DNA might be on the victim because she had been in his bed. Although some of Monroe's statements might have been objectionable, they were an isolated part of the trial and were small in comparison to evidence that Kines' DNA was found on swabs taken from the victim, which corroborated the testimony of the victim and Spencer Andres. Accordingly, any error did not reach down into the validity of the trial to the extent that a guilty verdict could not have been obtained without assistance of the alleged error. *See Sheppard v. State*, 151 So. 3d 1154, 1165-68 (Fla. 2014) (holding that admission of the murder defendant's videotaped statement did not amount to fundamental error, even though some of the detective's comments were improper statements of belief that the defendant was lying and that he was either the shooter or driver, where the admission of the videotape did not reach down into the validity of the trial itself to the extent that a guilty verdict could not have been obtained without assistance of the videotape).

Moreover, we agree with the state that any claim of fundamental error was waived because defense counsel invited error when he announced that he had no objection to the admission of the redacted interview and when he referred to the interview during his closing argument. *See Louidor v. State*, 162 So. 3d 305, 311 (Fla. 3d DCA 2015) (holding that any claim of fundamental error arising from the admission of a redacted interview—during which police officers gave opinions as to the murder defendant's guilt—was waived where defense counsel invited error by stipulating to admission and playback of the video and affirmatively relying on the video throughout trial). It appears that defense counsel may have made a strategic decision to include the interview in order to demonstrate that Kines' refusal to confess demonstrated that only a truly innocent person could withstand such an interrogation. *Id.* at 312.

AFFIRMED.

WETHERELL, ROWE, and JAY, JJ., concur.

4

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Benjamin R. Kelley, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Michael Schaub, Assistant Attorney General, Tallahassee, for Appellee.